EDWARD F. BYRNE, RELATOR, v. THOMAS L. RAYMOND, MAYOR, &c., RESPONDENT.

Submitted March 16, 1916—Decided June 8, 1916.

An appointment by the city clerk of Newark under *Pamph. L.* 1907, *p.* 34, "by and with the consent of the board of aldermen or common council," does not need the approval of the mayor to render it valid.

On rule to show cause for a *mandamus*.

Before Justices PARKER, MINTURN and KALISCH.

For the relator, *George W. Anderson*.

For the respondent, *Spaulding Fraser*.

The opinion of the court was delivered by

PARKER, J. The question relates to the validity of the appointment of relator as "assistant messenger" in the office

of the city clerk of the city of Newark, and his right to draw salary in that capacity. The mayor refused to certify the pay warrant and this proceeding is brought to require him to do so. The case turns on whether or not the appointment and the designation of salary, made by the city clerk and concurred in by the common council, require the approval of the mayor as an element of validity.

The case shows the following proceedings as between the city clerk and the council:

"NEWARK, N. J., November 5th, 1915.

*"To the Honorable*
    *"Common Council of the*
        *"City of Newark, N. J.:*

"GENTLEMEN—Pursuant to law placing the appointment of attaches in the office of the city clerk with that official, I hereby appoint Edward · F. Byrne as assistant messenger in the office of the city clerk at an annual salary of one thousand, two hundred dollars ($1,200), payable in the same manner as other salaries are paid and to take effect November 15th, 1915, and respectfully ask your concurrence.

"Mr. Byrne has passed the necessary civil service examination and has been certified to the city clerk as one of three availables.

"This appointment is made in conformity with chapter 156 of the laws of 1908 and in accordance with rule 7 of the civil service commission of the State of New Jersey.

"Respectfully yours,

"(Sgd.) A. ARCHIBALD.

"Ald. Phillips moved that the communication be received and the action of the city clerk concurred in.

"Carried."

Relator entered on the performance of his duties and continued therein, but the mayor, whose signature to pay warrants is required by the ordinances, refused to sign the warrant for November, 1915, salary on the ground that the concurrence of the council was invalid without his approval.

The appointment was made under an act of 1907 (*Pamph. L., p.* 34), which concededly applies and which reads as follows:

"It shall be lawful for the city clerk of any city of the first class of this state, by and with the consent of the board of aldermen or common council therein, to appoint such clerks and assistants in the office of such city clerk, and to increase or decrease the number thereof as the public business may require, and to fix the salaries of such clerks and assistants, and the board of finance or body having control of the finances of such city shall provide the moneys necessary to pay the salaries of such clerks and assistants."

The argument for respondent is that the "consent of the board of aldermen or common council" is, or necessarily implies, a resolution formal in character, and that all resolutions, by section 30 of the city charter, require the approval of the mayor. *Pamph. L.* 1857, *pp.* 116, 130. We had to deal with a somewhat similar question in *Hart* v. *Newark,* 80 *N. J. L.* 600, where the dismissal of a city employe by vote of a majority of the council was sustained although not approved by the mayor. This was under section 21 of the charter, and it is now argued that it does not apply because the phraseology of section 21, requiring the action of "a majority of the whole number of the members of the council" points out the sole limitation of the power. We consider, however, that the act of 1907 plainly intends the concurrence of no more than the city clerk and the council, and as by section 2 of said act all inconsistent legislation is expressly repealed, section 21 of the charter cannot prevail against it, if it has the meaning that we ascribe to it, viz., that the phrase "concurrence of the council" is the same sort of concurrence that is contemplated in case of an appointment by the mayor to some office or position within his gift.

There will be a peremptory writ, but if respondent wishes to preserve the right of appeal, application may be made to frame a suitable record based on alternative writ and judgment for relator.